# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RINCON SARMIENTO, Elvis Janfrary<br>A245229668<br><br>         Petitioner,<br><br>  v.<br><br>JAMISON, J.L.,<br>   Warden, Federal Detention Center,<br>   Philadelphia;<br><br>RIFE, John E.,<br>   Acting Field Office Director, Immigration<br>   and Customs Enforcement, Enforcement<br>   and Removal Operations, Philadelphia<br>   Field Office;<br><br>MULLIN, Markwayne,<br>   Secretary of the Department of Homeland<br>   Security;<br><br>BLANCHE, Todd<br>   Acting U.S. Attorney General<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY;<br><br>EXECUTIVE OFFICE OF IMMIGRATION<br>REVIEW,<br><br>         Respondents. | Case No. 26-2460<br><br>**PETITION FOR WRIT<br>OF HABEAS CORPUS** |

## ORDER

**AND NOW,** this 17th day of April, 2026, upon consideration of Elvis Janfrary Rincon

Sarmiento's Verified Petition for Writ of Habeas Corpus (ECF No. 1), and Respondents'

opposition thereto (ECF 3), it is hereby **ORDERED** that the petition is **GRANTED**.[1] It is

---

[1] Petitioner Elvis Janfrary Rincon Sarmiento is a 40-year-old native of Venezuela. ECF No. 1 ¶ 1. He entered the United States on or about September 14, 2023, was encountered by DHS shortly thereafter, detained under 8 U.S.C.

**FURTHER ORDERED** as follows:

1. Elvis Janfrary Rincon Sarmiento is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Elvis Janfrary Rincon Sarmiento from custody immediately and certify compliance with this Order by filing proof of his release on the docket no later than April 18, 2026, at 1:00P.M. E.T.

3. Respondents are temporarily enjoined from re-detaining Elvis Janfrary Rincon Sarmiento for seven days following his release from custody.

4. If Respondents pursue re-detention of Elvis Janfrary Rincon Sarmiento, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

HON. MIA R. PEREZ

---

§ 1226, and then released on his own recognizance. *Id.* ¶ 17. DHS also issued a Notice to Appear and filed it with the Newark Immigration Court, where Petitioner was awaiting a master calendar hearing in September 2027. *Id.* ¶ 18. After his release, Petitioner lived in Camden, New Jersey, worked to support his children and mother, and became an active member of his church. *Id.* ¶ 19. On April 13, 2026, Respondents detained Petitioner while he was driving to work and now purport to hold him under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 2, 20, 22.

Petitioner argues that his detention without a bond hearing violates the INA and the Due Process Clause because 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs his detention. See id. ¶¶ 23–39, 40–53. The government's position that Petitioner remains subject to mandatory detention under § 1225(b)(2) has been repeatedly rejected by courts in this District and elsewhere. Individuals like Petitioner, who have been living in the United States for years after entry and release into removal proceedings, are not "seeking admission" within the meaning of § 1225(b)(2)(A). *See Kashranov v. Jamison,* No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025). Petitioner was seeking admission in September 2023 when he entered the United States. He is no longer seeking admission now, after residing in New Jersey for nearly three years, working, supporting his family, and awaiting further immigration proceedings. Section 1225(b)(2) therefore does not apply.

It will come as no surprise to the government that this Court once again rejects its position. For the same reasons set forth in *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6–8 (E.D. Pa. Nov. 14, 2025), *Picon v. O'Neill,* No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and the many similar decisions in this District, which the Court adopts herein, 8 U.S.C. § 1226(a) governs Petitioner's detention. Since individuals detained under § 1226(a) are entitled to seek a bond hearing before an immigration judge, Petitioner's continued detention without such a hearing is unlawful, and he is entitled to habeas relief.